# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00590-CR

**Lucio Hernandez Rodriguez a/k/a Lucio Rodriguez Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 1010280, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

Appellant Lucio Hernandez Rodriguez appeals his conviction for aggravated assault with a deadly weapon. Tex. Pen. Code Ann. ' 22.02 (West 1994). Appellant entered a plea of Anot guilty@ and waived trial by jury. Following the bench trial, the trial court found appellant guilty and assessed his punishment at eighteen years in prison.

## Point of Error

Appellant advances a single point of error: AAppellant=s trial attorney=s performance was harmfully deficient for failing to object to inadmissible impeachment of appellant.@ Appellant is obviously claiming ineffective assistance of trial counsel. We will affirm the conviction.

## Background

Appellant does not challenge the legal or factual sufficiency of the evidence to sustain the conviction. The indictment alleged appellant intentionally, knowingly, and recklessly caused bodily injury to Guadalupe Carranza by shooting him in the abdomen while using a deadly weapon, to wit: a firearm.

Jose Guadalupe Carranza testified that on December 14, 2000, he and his girlfriend, Cynthia Reyes, drove to appellant=s apartment complex to buy drugs. Carranza apparently did not know appellant. Reyes left Carranza and Francisco Flores in the car and approached appellant. She returned to the car crying but would not tell Carranza what had happened. After they arrived home; Reyes informed Carranza that appellant had slapped her. Carranza then telephoned appellant to remonstrate with him about slapping women. A verbal confrontation ensued. Approximately an hour later, while Carranza and Flores were standing outside the house at 2215 Town Lake Circle, a man, later identified as appellant, drove up in a truck and got out. He asked Carranza if he was AJose,@ and upon receiving an affirmative answer, shot Carranza in the abdomen, and left in the truck. Carranza was taken to the hospital and underwent surgery. When the police arrived at the scene, they found a nine millimeter bullet casing. A gun was never recovered.

Cynthia Reyes testified that she had had an earlier romantic relationship with appellant unknown to Carranza. She related that she, Carranza, and Flores went to appellant=s apartment complex to secure some Aweed,@ and that appellant was upset with her because she had brought two strange men to his place. Even though she told him that the men in the car were Afriends,@ appellant slapped her in the face. She returned to the car but did not tell AGuadalupe@ Carranza what happened until they arrived home. Reyes later heard a gunshot, went outside, and saw appellant driving away in his truck.

Appellant denied the offense but admitted that he had had an earlier romantic liaison with Reyes. He stated that Reyes claimed that her daughter was his child. Appellant did not know why Carranza would accuse him except out of jealousy.

**Ineffective Assistance Claim**

In appellant=s sole contention on appeal, he complains that he was denied his constitutional right to effective assistance of counsel because his trial counsel did not object to his improper impeachment as a witness. On cross-examination, the record reflects the following:

Q: And have you ever been convicted of driving while intoxicated out of San Marcos.

A: Oh, yes, in San Marcos.

Q: And, also, a failure to maintain liability insurance in the year 2000 in Travis County?

A: Yes.

Q: And public intoxication in January of this year?

A: No. Just whatever they arrested me for, yes.

Q: And at the time they arrested you, weren=t you intoxicated? And didn=t they charge you with public intoxication?

A: I don=t know if it was a public place because I was in my truck asleep.

There was no objection to this interrogation of appellant. The prior convictions were not mentioned again during the trial or in oral argument before the court.

Appellant urges that the cross-examination improperly impeached him with misdemeanor convictions contrary to Rule 609(a) of the Texas Rules of Evidence which provides:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

Tex. R. Evid. 609(a).

The State agrees that the convictions inquired about were not felony convictions or misdemeanor convictions involving moral turpitude. *See* Tex. Pen. Code Ann. ' 49.04 (West Supp. 2002) (operating a motor vehicle while intoxicated); Tex. Pen. Code Ann. ' 49.02 (West Supp. 2002) (public intoxication); Tex. Transp. Code Ann. '' 601.191, .195 (West 1999) (financial responsibility law). While the State concedes that the impeachment of appellant as a witness was improper, it argues that the failure to object does not constitute ineffective assistance of counsel in light of the appellate record.

**Discussion**

A defendant in a criminal case has a constitutional right to the reasonably effective assistance of counsel. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). However, a defendant is not entitled to errorless counsel or counsel whose competency is judged by hindsight. *Id.* In *Strickland v. Washington*, 466 U.S. 468, 687 (1984), the United States Supreme Court promulgated a two-pronged test to determine whether representation was so inadequate that it violated a defendant=s Sixth Amendment right to counsel. The *Strickland* analysis has been adopted in Texas and applies to claims arising under article I, section 10 of the Texas Constitution. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Under the two-pronged test, a convicted defendant must first show that his counsel=s performance was deficient, and second show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). If the defendant fails to

**4**

make the required showing of both deficient performance and prejudice, his claim must fail. *Id.*; *see also Holberg. v. State*, 38 S.W.3d 138, 140 (Tex. Crim. App. 2000).

A reviewing court must indulge a strong presumption that trial counsel=s conduct falls within a wide range of reasonable representation. *McFarland*, 928 S.W.2d at 500. The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case. We assess the totality of counsel=s representation rather than isolated acts or omissions. *Strickland*, 486 U.S. at 689; *Oestrick v. State*, 939 S.W.2d 232, 239 (Tex. App.CAustin 1997, pet. ref=d). While a single egregious error of commission or omission may be sufficient, reviewing courts are hesitant to declare counsel ineffective based on a single alleged miscalculation. *Thompson v. State*, 9 S.W.3d 808, 813, 814 (Tex. Crim. App. 1999).

A fair assessment of trial counsel=s performance requires that the appellate court make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances at trial, and to evaluate the conduct from counsel=s perspective at the time of the trial. *Stafford*, 813 S.W.2d at 506. An appellate court indulges a strong presumption that counsel rendered effective assistance, and an appellant must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.*; *see also Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Lagaite v. State*, 995 S.W.2d 860, 864 (Tex. App.CHouston [1st Dist.] 1999).

Appellant filed a Apro se@ motion for new trial and his appellate counsel also filed one. Both were overruled by operation of law. *See* Tex. R. App. P. 21.8. No hearing was held. Appellant did not develop any evidence on the issue now complained of as he might have. *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993); *Mayhue v. State*, 969 S.W.2d 503, 511 (Tex. App.CAustin 1998, no

pet.). The appellate record before us is silent as to counsel=s reasons for his failure to object to the impeachment of appellant. Allegations as to ineffective assistance must be firmly founded in the record. *Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983). As noted, an appellant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813. We will not speculate about trial counsel=s strategy. *Jackson*, 877 S.W.2d at 771; *Lagaite*, 995 S.W.2d at 864; *Mayhue*, 969 S.W.2d at 511. The instant record is insufficient to overcome the strong presumption that counsel=s failure to object was part of a strategic plan. *Tong v. State*, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000). While the impeachment of appellant with misdemeanor convictions not involving moral turpitude may have been objectionable testimony, without some explanation as to why trial counsel acted or failed to act as he did, we presume that his action or omission was the product of an overall strategic design. *Id*.

We observe that in *DeLos Santos v. State*, 918 S.W.2d 565 (Tex. App.CSan Antonio 1996, no pet.), a claim of ineffective assistance was raised because counsel failed to object to the impeachment of a witness with a marihuana possession conviction. The record failed to show whether the conviction was for felony or misdemeanor. The court stated:

> Even if the conviction was for a misdemeanor offense, we cannot say that the failure to object was anything other than trial strategy to avoid over-emphasis of the conviction.

*Id*. at 573.

Moreover, the failure to object and exclude inadmissible testimony is not necessarily ineffective assistance. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992); *Ybarra v. State*, 890 S.W.2d 98, 113 (Tex. App.CSan Antonio 1994, pet. ref=d). Neither is counsel rendered

**6**

ineffective merely because counsel may have made a mistake during trial and other counsel may have tried the case differently. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); *Ybarra*, 890 S.W.2d at 113.

In light of the record before us,[1] we overrule appellant=s sole point of error. The judgment is affirmed.

John F. Onion, Jr., Justice

Before Justices B. A. Smith, Yeakel and Onion[*]

Affirmed

Filed: May 9, 2002

Do Not Publish

---

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).

---

[1] Prior rejection of an ineffective assistance of counsel claim on direct appeal will not bar relitigation of the claim to the extent that an applicant in a post-conviction application for writ of habeas corpus gathers and introduces evidence not contained in the direct appeal record. *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).