NO. 07-02-0056-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 7, 2002


______________________________



RICHARD GLENN O'GORMAN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 6109; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Upon a plea of not guilty, a jury convicted appellant Richard Glenn O'Gorman of
felony driving while intoxicated (DWI), and assessed punishment at life imprisonment. 
Appellant timely noticed his appeal, and counsel was appointed. 

 Appellant's appointed counsel has filed a motion to withdraw, together with an
Anders (1) brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellant's appeal is without merit. Along with his brief, he has filed a copy
of a letter sent to appellant informing him of counsel's belief that there was no reversible
error and of appellant's right to appeal pro se. By letter dated May 29, 2002, this court
notified appellant of his right to file his own brief or response by June 28, 2002, if he
wished to do so. On June 17, 2002, appellant filed a motion to extend the time to file his
brief, which resulted in the deadline being extended until July 29, 2002. On July 26, 2002,
appellant filed with this court a document alleging that 1) defense counsel was ineffective,
2) the State improperly advised the court that appellant had not filed an application for
probation and 3) the State improperly referred to statements made by appellant after his
arrest but before he received his Miranda warnings. None are meritorious for the
following reasons. 

 Appellant claims that trial counsel was ineffective because he 1) did not strike two
jurors who claimed to be biased and were seated on the jury, 2) was unaware that
appellant's "application had been submitted," 3) failed to point out discrepancies in the
testimony of one of the State's witnesses and 4) failed to object to evidence determined
to be inadmissible by the trial court. (2) We note that appellant was obligated to prove his
counsel rendered ineffective assistance. Hernandez v. State, 988 S.W2d 770, 772 (Tex.
Crim. App. 1999). However, even though appellant filed a motion for new trial and a
hearing was had, ineffective assistance of counsel was not raised nor argued below. 
Thus, appellant has failed to produce evidence in the record concerning trial counsel's
reasons for not challenging or striking venire members, see Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App.1994); see also Delrio v. State, 840 S.W.2d 443 (Tex. Crim.
App.1992), objecting to purportedly inadmissible testimony, or pursuing alleged
discrepancies in witness' testimony. See Beck v. State, 976 S.W.2d 265, 267 (Tex.
App.--Amarillo 1998, pet. ref'd). And, because the record before us does not allow us to
assess whether the presumption of competency was rebutted, we cannot hold that
appellant's trial counsel was deficient and, therefore, overrule the issue. 

 Next, appellant complains that the State incorrectly informed the trial court that
appellant had not filed an application for probation, thus denying appellant the opportunity
to voir dire the panel on probation. First, the record does not reflect that appellant had
filed an application for probation. Second, before he could be considered for probation,
article 42.12(e) of the Code of Criminal Procedure required him to file a verified motion
wherein he stated that he had not previously been convicted of a felony. Tex. Code Crim.
Proc. art. 42.12 (e). Yet, the record reflects that appellant previously had been convicted
of a felony. So too does it illustrate that the minimum sentence he could have received,
in view of the State's attempt to enhance punishment, was 25 years. Tex. Pen. Code
§12.42(d) (setting 25 years as the minimum sentence). Given that he had not complied
with the prerequisites of art. 42.12(e) and that the minimum sentence involved exceeded
the statutory ceiling, appellant was not eligible for probation. See Tex. Code Crim. Proc.
art 42.12 (d)(1) (granting the opportunity for probation to those whose sentence is 10 years
or less). So, the complaints about the opportunity, or lack thereof, to voir dire on probation
are meritless, and, we overrule appellant's second issue. 

 In his third issue, appellant contends that the arresting officer and prosecution
witness named David O'Brian (O'Brian) referred to a statement made by appellant after his
arrest but before receiving his Miranda warnings. Specifically, once the officer told
appellant that he was under arrest for driving while intoxicated, appellant responded with
"I believe that you are right." Appellant contends that this statement came after the trial
court had ruled that it was inadmissible. We note, however, that no objection was made
when O'Brian testified about the statement, and same was necessary to preserve error. 
Tex. R. App. P. 33.1(a); Holberg v. State, 38 S.W.3d 137, 140 (Tex. Crim. App. 2000), cert.
denied, 151 L. Ed.2d 298, 122 S. Ct. 394 (2001) (holding that by not objecting to the trial
court appellant forfeited his right to complain on appeal). Furthermore, appellant was
mistaken in saying that the trial court held the testimony inadmissible. In reviewing the
portion of the record cited by appellant, we find that the trial court was explaining the law
regarding Miranda as it understood it and was not making a ruling on this particular
statement. Thus, we overrule this issue as well. (3)

 As to the Anders brief itself, appellate counsel raised thirteen possible arguments. 
However, counsel also explained why none were meritorious. Furthermore, after
conducting an independent review of the record and legal authority to assess the accuracy
of counsel's representation, see Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991)
(requiring same), we agree with appellate counsel's analysis and conclude that there
exists no arguable basis for appeal. 

 Accordingly, appellate counsel's motion to withdraw is granted, and the judgment
is affirmed. 


 Brian Quinn 

Do not publish. Justice 
1. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Appellant, also, complains that a "[l]arge support pillar. . .situated in [the] center of [the] temporary
courtroom made it impossible to see juror responses or establish who was responding to[] questions." 
However, appellant has failed to give substantive analysis or authority regarding how the obstacle prevented
him from receiving a fair and impartial trial. Thus, this argument was waived. Vasquez v. State, 22 S.W.3d
28, 31 (Tex. App.--Amarillo 2000, no pet); Tex. R. App. P. 38.1(h). 
3. Because the motion for new trial and the hearing on same did not raise ineffective assistance of
counsel, the state of the record before us does not allow us to assess whether any purported error regarding
counsel's performance was something other than sound trial strategy. Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000); See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). However, we
do not comment upon the availability of article 11.07 of the Texas Code of Criminal Procedure to address
these issues. 



 valid
in Texas). Through our disposition of Pyramid's first two points, we effectively have
determined that Pyramid's liability to Sunbelt for the remaining amount due under their
subcontract is, on the facts presented, independent of PNG ISD's liability to Pyramid for the
retainage. Chapter 38 of the Civil Practice & Remedies Code permits recovery of
reasonable attorney's fees in a claim based on an oral or written contract. Tex. Civ. Prac.
& Rem. Code Ann. § 38.001(8) (Vernon 1997). Chapter 38 provides no basis for
Pyramid's point of error because the statute does not authorize recovery of attorney's fees
by a defendant who only defends against a contract claim and presents no contract claim
of its own, Energen Resources MAQ, Inc. v. Dalbosco, 23 S.W.3d 551, 558
(Tex.App.-Houston [1st Dist.] 2000, pet. denied), and because Pyramid did not prevail on
a cause of action in this proceeding, Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex.
1997). Case law refers to exceptions, based on equitable considerations, to the general
rule that attorney's fees are recoverable only when authorized by contract or statute. See,
e.g., Qwest Communications Int'l, Inc. v. A T & T Corp., 114 S.W.3d 15, 32-33
(Tex.App.-Austin 2003, pet. filed). We do not find those exceptions applicable to this case. 
Perceiving no basis for reversal of the trial court's judgment because of its failure to take
into account Pyramid's attorney's fees in its suit against PNG ISD, we overrule Pyramid's
third point. 

 Pyramid's fourth point of error presents the contention that putting responsibility on
Pyramid for PNG ISD's refusal to honor its contract obligations is manifestly unfair and
unjust. We are unable to find in the summary judgment record that such a contention was
presented to the trial court. We may not consider as grounds for reversal of a summary
judgment issues not expressly presented to the trial court by written motion, answer or
other response. Tex. R. Civ. P. 166a(c); Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989)
(all theories in support of a summary judgment, as well as all opposing issues, must be
presented in writing to the trial court). Moreover, our conclusion that Pyramid undertook
in the subcontract an obligation to pay Sunbelt despite Pyramid's dispute with PNG ISD
would require us also to conclude it is neither unfair nor unjust that Pyramid perform that
obligation. The fourth point is overruled. 

 Accordingly the judgment of the trial court is affirmed. 


 James T. Campbell

 Justice 





 




1. Pyramid submitted an invoice for $610,371.50 in accumulated retainage. PNG ISD
paid $400,000.00 of that amount leaving a balance due of $210,371.50. The subcontractors
on the project were each paid a pro rata portion of the $400,000.00 received by Pyramid.
2. The mediation settlement agreement indicates Pyramid agreed to pay PNG ISD
$900,000 in settlement of the school district's claims.
3. A contract is not ambiguous if it can be given a definite or certain meaning as a
matter of law. Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587,
589 (Tex. 1996). Neither party contends the subcontract is ambiguous, and we agree it is
not.
4. Pyramid acknowledges that the parties agree on the reasons why the school district
did not pay Pyramid all the retainage. Pyramid explains that the school district's only
excuses for not paying the entire amount of the retainage were that two warranty items
remained to be completed and a flooring contractor had not delivered a release of lien
document. The record reflects that neither of the warranty items involved Sunbelt. 
Although the record contains references to other complaints later raised by the school
district, including a reference to mold in return air ducts in the school, we agree the record
is undisputed concerning the reasons PNG ISD gave for withholding the remaining
retainage. 
5. We may not, under the guise of contract construction, add to the language of the
contract. See American Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 162 (Tex. 2003);
Eland Energy, Inc. v. Seagull Energy E & P, Inc., 135 S.W.3d 122, 125 (Tex.App.-Houston
[14th Dist.] 2004, pet. filed).