NO. 07-02-0056-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2002
_____

RICHARD GLENN O'GORMAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 6109; HON. STEVEN R. EMMERT, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Upon a plea of not guilty, a jury convicted appellant Richard Glenn O'Gorman of felony driving while intoxicated (DWI), and assessed punishment at life imprisonment. Appellant timely noticed his appeal, and counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that appellant's appeal is without merit. Along with his brief, he has filed a copy

---

[1] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se.* By letter dated May 29, 2002, this court notified appellant of his right to file his own brief or response by June 28, 2002, if he wished to do so. On June 17, 2002, appellant filed a motion to extend the time to file his brief, which resulted in the deadline being extended until July 29, 2002. On July 26, 2002, appellant filed with this court a document alleging that 1) defense counsel was ineffective, 2) the State improperly advised the court that appellant had not filed an application for probation and 3) the State improperly referred to statements made by appellant after his arrest but before he received his *Miranda* warnings. None are meritorious for the following reasons.

Appellant claims that trial counsel was ineffective because he 1) did not strike two jurors who claimed to be biased and were seated on the jury, 2) was unaware that appellant's "application had been submitted," 3) failed to point out discrepancies in the testimony of one of the State's witnesses and 4) failed to object to evidence determined to be inadmissible by the trial court.[2] We note that appellant was obligated to prove his counsel rendered ineffective assistance. *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). However, even though appellant filed a motion for new trial and a hearing was had, ineffective assistance of counsel was not raised nor argued below. Thus, appellant has failed to produce evidence in the record concerning trial counsel's

---

[2]Appellant, also, complains that a "[l]arge support pillar. . .situated in [the] center of [the] temporary courtroom made it impossible to see juror responses or establish who was responding to[] questions." However, appellant has failed to give substantive analysis or authority regarding how the obstacle prevented him from receiving a fair and impartial trial. Thus, this argument was waived. *Vasquez v. State*, 22 S.W.3d 28, 31 (Tex. App.--Amarillo 2000, no pet); TEX. R. APP. P. 38.1(h).

2

reasons for not challenging or striking venire members, *see Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App.1994); *see also Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App.1992), objecting to purportedly inadmissible testimony, or pursuing alleged discrepancies in witness' testimony. *See Beck v. State*, 976 S.W.2d 265, 267 (Tex. App.--Amarillo 1998, pet. ref'd). And, because the record before us does not allow us to assess whether the presumption of competency was rebutted, we cannot hold that appellant's trial counsel was deficient and, therefore, overrule the issue.

Next, appellant complains that the State incorrectly informed the trial court that appellant had not filed an application for probation, thus denying appellant the opportunity to voir dire the panel on probation. First, the record does not reflect that appellant had filed an application for probation. Second, before he could be considered for probation, article 42.12(e) of the Code of Criminal Procedure required him to file a verified motion wherein he stated that he had not previously been convicted of a felony. TEX. CODE CRIM. PROC. art. 42.12 (e). Yet, the record reflects that appellant previously had been convicted of a felony. So too does it illustrate that the minimum sentence he could have received, in view of the State's attempt to enhance punishment, was 25 years. TEX. PEN. CODE §12.42(d) (setting 25 years as the minimum sentence). Given that he had not complied with the prerequisites of art. 42.12(e) and that the minimum sentence involved exceeded the statutory ceiling, appellant was not eligible for probation. *See* TEX. CODE CRIM. PROC. art 42.12 (d)(1) (granting the opportunity for probation to those whose sentence is 10 years or less). So, the complaints about the opportunity, or lack thereof, to voir dire on probation are meritless, and, we overrule appellant's second issue.

3

In his third issue, appellant contends that the arresting officer and prosecution witness named David O'Brian (O'Brian) referred to a statement made by appellant after his arrest but before receiving his *Miranda* warnings. Specifically, once the officer told appellant that he was under arrest for driving while intoxicated, appellant responded with "I believe that you are right." Appellant contends that this statement came after the trial court had ruled that it was inadmissible. We note, however, that no objection was made when O'Brian testified about the statement, and same was necessary to preserve error. TEX. R. APP. P. 33.1(a); *Holberg v. State*, 38 S.W.3d 137, 140 (Tex. Crim. App. 2000), *cert. denied*, 151 L. Ed.2d 298, 122 S. Ct. 394 (2001) (holding that by not objecting to the trial court appellant forfeited his right to complain on appeal). Furthermore, appellant was mistaken in saying that the trial court held the testimony inadmissible. In reviewing the portion of the record cited by appellant, we find that the trial court was explaining the law regarding *Miranda* as it understood it and was not making a ruling on this particular statement. Thus, we overrule this issue as well.[3]

As to the *Anders* brief itself, appellate counsel raised thirteen possible arguments. However, counsel also explained why none were meritorious. Furthermore, after conducting an independent review of the record and legal authority to assess the accuracy of counsel's representation, *see Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) (requiring same), we agree with appellate counsel's analysis and conclude that there exists no arguable basis for appeal.

---

[3]Because the motion for new trial and the hearing on same did not raise ineffective assistance of counsel, the state of the record before us does not allow us to assess whether any purported error regarding counsel's performance was something other than sound trial strategy. *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim. App. 2000); *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). However, we do not comment upon the availability of article 11.07 of the Texas Code of Criminal Procedure to address these issues.

4

Accordingly, appellate counsel's motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn
Do not publish.                                                    Justice