NO. 07-01-0384-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 14, 2002


______________________________



LAWRENCE HIGGINS, aka LAWRENCE RIGGINS,


aka DALTON ROSSI,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 347TH DISTRICT COURT OF RANDALL COUNTY;



NO. 13,352-A; HON. DAVID GLEASON, PRESIDING


_______________________________



 

Before BOYD, C.J., QUINN and REAVIS, JJ.

 Lawrence Higgins, aka Lawrence Riggins, aka Dalton Rossi (appellant) appeals his
conviction for murder. Via four points of error, he contends that the trial court erred in 1)
excluding specific, pertinent character evidence of the victim, 2) sua sponte ruling on the
exclusion of the aforementioned specific, pertinent character evidence, 3) omitting the full
definition of causation (including concurrent causation) as contained in §6.04(a) of the
Texas Penal Code, and 4) admitting into evidence a custodial, recorded statement
because "promise(s) were made by agents of the State to obtain the 'confessions.'" We
affirm.

Points One and Two


 Regarding points one and two, appellant believes that he was entitled to present
evidence of specific character traits of the victim and that the trial court erred in sua sponte
excluding same. We overrule the objections for several reasons. 

 First, appellant never objected below to the trial court's actions or decisions. Nor
did he present any of the grounds underlying his current arguments to the trial court. Thus,
his complaints were not preserved. Tex. R. App. P. 33.1(a); Holberg v. State, 38 S.W.3d
137, 140 (Tex. Crim. App. 2000), cert. denied, 151 L.Ed.2d 298, 122 S.Ct. 394 (2001) 
(holding that by not objecting to the trial court appellant forfeited his right to complain on
appeal).

 Second, the exchange upon which appellant based his complaints was initiated by
appellant. That is, he knew that the trial court granted those aspects of the State's motion
in limine pertaining to evidence of specific instances of sexual misconduct by the victim. 
So too did he realize that the line of questioning he intended to pursue could have
encroached into that area. So, he asked the court to address the situation before he
began. Furthermore, upon the trial court making the decision about which he complains,
i.e. refusing to allow evidence of specific instances of misconduct, counsel for appellant
responded "okay," "I just wanted to clarify that," and "I just felt like we should address some
issues at this point." From this, we see that the trial court did not act sua sponte but at the
invitation of appellant, and to that extent the court accepted the invitation, appellant cannot
complain. See Hill v. State, 913 S.W.2d 581, 597-98 (Tex. Crim. App. 1996) (one cannot
complain about error he invites).

Point Three


 Next, appellant contends that the trial court erred in failing to charge the jury on
causation as that term is defined in §6.04(a) of the Texas Penal Code. (1) That is, he
believes that the trial court should have instructed the jury on concurrent causation. We
overrule the point for several reasons.

 First, while appellant objected to that portion of the charge defining causation, he
said nothing about being entitled to an instruction on concurrent causation. Instead, he
merely uttered that the reference to causation by "the way it has been worded or the way
it reads, it tends to lend an air of preponderance of the evidence or a civil duty rather than
reasonable doubt [and he] . . . would object to that." So too did he say that he felt "like it
adds something to the [c]harge that isn't in the criminal element [sic]." Furthermore,
appellant likens, in his brief, concurrent causation to a defensive issue. See Roberts v.
State, 923 S.W.2d 141, 146 (Tex. App.-Texarkana 1996, pet. ref'd) (discussing concurrent
causation within the framework of a defensive issue); Hutcheson v. State, 899 S.W.2d 39,
42 (Tex. App.-Amarillo 1995, pet. ref'd) (wherein this court discussed concurrent causation
within the framework of a defensive issue). The issue being defensive in nature, he was
obligated to request that the court instruct the jury on it before he could complain of its
omission on appeal. See Posey v. State, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)
(holding that complaints regarding the omission from the jury charge of defensive issues
must be preserved by request or objection).

 Second, assuming arguendo that appellant had preserved his complaint, we note
that one is not entitled to an instruction on concurrent causation unless there exists
evidence that the concurrent cause was clearly sufficient to produce the result and the
conduct of the appellant was clearly insufficient. Hutcheson v. State, 899 S.W.2d at 42. 
Here, appellant cites us to nothing of record illustrating some act or injury committed by
someone other than himself was clearly sufficient to produce the death of his victim. At
best, we are cited to evidence which simply suggests that the location of the victim's ex-roommate named Collerd was unknown for several hours on the night the victim died,
Collerd acted strangely on that night, and Collerd's fingerprints were found at the abode
where he once lived and in which victim was killed. Yet, nowhere are we told by appellant
of any specific physical act committed or injury inflicted by Collerd upon the victim. Thus,
appellant failed to illustrate that some other yet concurrent cause was clearly sufficient to
produced the victim's death. And, having failed to illustrate that, he also failed to establish
his entitlement to the instruction. 

Point Four 


 Finally, appellant contends that the trial court erred in denying his motion to
suppress his confession because it was involuntary. The confession was allegedly
involuntary because it was obtained through improper inducement. That purported
inducement consisted of giving appellant one or more cigarettes in exchange for his
confession and threatening him with the death penalty if he did not "talk." We overrule the
point.

 Whether the trial court erred in refusing to suppress a confession depends upon
whether it abused its discretion. Villareal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996). And, we will not disturb the ruling if supported by the record. Arnold v. State, 873
S.W.2d 27, 34 (Tex. Crim. App. 1993), cert. denied, 513 U.S. 830, 130 L.Ed.2d 51, 115
S.Ct. 103 (1994). Furthermore, the trial court is the sole factfinder at the hearing. Id. This
entitles it to judge the weight and credibility of the witnesses and their testimony and accept
or reject all or any part of the testimony of any witness, including those of the State or the
defense. Snow v. State, 721 S.W.2d 943, 946 (Tex. App.--Houston [1st Dist.] 1986, no
pet.). So, we must defer to its resolution of pivotal factual disputes. 

 Next, a suspect's statement may be used against him when it is freely and
voluntarily made without compulsion or persuasion. Tex. Crim. Proc. Code Ann. § 38.21
(Vernon Supp. 2002); Campos v. State, 977 S.W.2d 458, 464 (Tex. App.--Waco 1998, no
pet.). Furthermore, the determination of whether a statement is voluntary must be based
on an examination of the totality of the circumstances surrounding its acquisition. Bordman
v. State, 56 S.W.3d 63, 69 (Tex. App.-Houston [14th Dist.] 2001, no pet.). 

 Finally, statements induced by promises of a certain kind may render the statement
involuntary and inadmissible. Yet, to be within that kind, the promise must be 1) of some
benefit to the defendant, 2) positive, 3) made or sanctioned by a person in authority, and
4) of such an influential nature as to be likely to influence the defendant to speak
untruthfully. Creager v. State, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). With this
said, we turn to the allegations before us.

 We address first the matter of threatening the appellant with the death penalty
unless he spoke. This particular ground was never mentioned below. Indeed, both in his
motion to suppress and at the suppression hearing, appellant merely alluded to the
temptation of a cigarette as improper inducement. Given that it went unmentioned below,
it cannot be the basis for a reversal on appeal. See Holberg v. State, 38 S.W.3d at 140.

 As to the matter of a cigarette, we note that the record contains evidence evincing
an offer on behalf of appellant to tell the truth if he were given a cigarette. However, one
of the officers interrogating appellant testified at the suppression hearing that the offer was
rejected because he "did not want to give [appellant] a cigarette." And, though another
officer subsequently obtained cigarettes and both officers allowed appellant to smoke
them, this occurred after appellant confessed to striking his victim on the head with weight
lifting equipment. This created a disputed issue of fact regarding whether any promise was
made which could have induced appellant to confess. Simply put, one cannot be induced
by a promise that was never made. And, as evinced by the findings of fact it subsequently
executed, the trial court accepted the testimony of the officers as truthful and determined
that the supposed proposition uttered by appellant was rejected. The proposition having
been rejected overtly by the officers, it could not serve as inducement for any confession
by appellant. Thus, evidence of record supports the trial court's decision, and it cannot be
considered an abuse of discretion.

 Accordingly, the judgment is affirmed.

 

 Brian Quinn

 Justice

Do not publish. 
1. Section 6.04(a) of the Penal Codes states: "[a] person is criminally responsible if the result would not
have occurred but for his conduct, operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."



nt 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0116-CR

NO. 07-11-0117-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

APRIL 13, 2011

______________________________

 

 

JUAN FRANCISCO PACHECO, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

 

NOS. 61,408-B & 62,495-B; HONORABLE JOHN B. BOARD,
JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Pending before this
Court are Appellant's Motions to Withdraw Appeals in which he represents
that he no longer wishes to pursue these appeals.  The motions are signed by Appellant's attorney.  Tex. R. App. P. 42.2(a).  Appellant did not, however, sign the motions
as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure.  Rather, Appellant's signature is affixed to
documents entitled Appellant's Consent to
Motion to Withdraw Appeals in which he confirms that he wishes to withdraw
these appeals.  Therefore, we suspend the operation of
that portion of Rule 42.2(a) insofar as it requires that Appellant's signature
be affixed to the Motions to Withdraw
Appeals and accept Appellant's signature on his Consent to Withdraw Appeals as satisfying the requirements of Rule
42.2(a). 
See Tex. R. App. P. 2.  No
decision of this Court having been delivered, the motions are granted and the
appeals are dismissed.  No motions for
rehearing will be entertained and our mandates will issue forthwith.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.