POLLICK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-02-389-CR

         2-02-390-CR

AUDELIZ POLLOCK A/K/A APPELLANT

AUDELIZ RODRIGUEZ POLLOCK

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Audeliz Pollock, a/k/a Audeliz Rodriguez Pollock, appeals from his convictions for aggravated robbery and possession of a controlled substance.  In three points, appellant complains that the evidence was legally and factually insufficient to sustain his conviction for aggravated robbery because of the impermissible and suggestive pretrial identification procedures used by the police to identify appellant at trial and that he was denied effective assistance of counsel at the punishment stage of trial because counsel failed to provide character witnesses.  We affirm.

Facts

On May 12, 2002, Sunil Manandsar was working at a Mobil gas station in Arlington, Texas.  Around 10:30 a.m., Manandsar sold appellant some scratch off lottery tickets.  Appellant traded in the winning tickets for cash, bought some new tickets, scratched them off, and repeated the process three or four times.  When Manandsar opened the register for the last time to pay appellant for his winning tickets, appellant pulled a gun and demanded that Manandsar give him the money from the register.  The register contained four or five hundred dollars.  Manandsar complied, and appellant then forced Manandsar to lock himself in the restroom. 

After waiting awhile, Manandsar looked out the door and saw that appellant was gone.  He called 911 to report the robbery and noticed that, in addition to money, appellant stole a package of scratch off lottery tickets.  

When the police arrived at the store, Manandsar told them what happened.  He described the robber as a white or hispanic male, with a mustache and goatee, 
wearing a blue jacket, and driving a red or maroon car or truck.

Either the police or Manandsar’s boss notified the Texas Lottery Commission that the tickets had been stolen.  The commission called Ralph Powers, a lottery investigator with the 
commission, to investigate the stolen tickets.  
Powers determined that the last legitimate ticket sold was likely number fifty-one.  Powers entered tickets numbered fifty through seventy-four into the commission’s computer system as “questionable.”  The computer would notify him when anyone attempted to cash the stolen tickets. 

Around 3:00 p.m. the same day, the computer notified Powers that someone was attempting to cash the stolen tickets at the Big Diamond convenience store in Arlington.  Powers called the store, and the clerk gave him a description of the person cashing the tickets.  Powers called the Arlington police and gave them the information.

Within half an hour of the first computer notification, Powers received another notification that a person was trying to cash a $500 stolen ticket at Chuck’s Grocery in Arlington.  
The police arrived at the grocery around 3:30 p.m.  
When appellant came out of the store, the police arrested him. 
 In the course of patting down appellant for weapons, the police discovered cocaine sewn into his pants and in his shirt and $726 dollars in cash. 
 Arlington police officer Richard Jablon testified at trial and described appellant’s arrest. 

Two days after the robbery, Manandsar identified appellant in a photo spread at the police station.  At trial, the trial court judge admitted the photo spread into evidence with no objections from the defense.  Manandsar also made an in-court identification of appellant as the person who robbed him.  Additionally,
 a video cassette recorder captured the robbery on tape.  The tape was admitted at trial. 

The jury found appellant guilty of aggravated robbery and possession of a controlled substance.  Appellant pled, “true” to two repeat offender notices, both for burglary of a habitation.  The trial court sentenced appellant to ninety-nine years’ confinement for each conviction.  

Discussion

In his first and second points, appellant argues that the evidence was legally and factually insufficient to sustain his conviction for aggravated robbery because of the impermissible and suggestive pretrial identification procedures used by the police to identify appellant at trial.
  

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2). 

Appellant did not object to Manandsar’s in-court identification of him as the man who robbed him. Nor did he object to admission of the photo spread  or Manandsar’s testimony regarding his previous out of court identification of appellant as the robber.  Therefore, appellant has not preserved his challenge to the identification procedures for appellate review.

However, even assuming that the identification evidence was improperly admitted, 
we must consider all the evidence admitted at trial, even improperly admitted evidence, when performing a legal sufficiency review.
  Holberg v. State
, 38 S.W.3d 137, 139 (Tex. Crim. App. 2000), 
cert. denied
, 534 U.S. 972 (2001); 
Wilson v. State
, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  We must do so even in a case that we reverse and remand because of error in the admission of evidence.  
Miles v. State
, 918 S.W.2d 511, 512 (Tex. Crim. App. 1996); 
Rodriguez v. State
, 819 S.W.2d 871, 873-74 (Tex. Crim. App. 1991).  
 After a thorough review of the record, under the proper legal and factual sufficiency standards of review,
(footnote: 2) we hold that the videotape evidence of the robbery and Officer Jablon’s testimony that appellant was arrested after cashing lottery tickets stolen from the convenience store was legally and factually sufficient to support the verdict.  We overrule appellant’s first and second points.

In his third point, appellant argues that he was denied effective assistance of counsel at the punishment stage of trial because his counsel failed to provide character witnesses for him.
  

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his 
counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Strickland
, 466 U.S.
 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial.  
Strickland
, 466 U.S.
 
at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.

Appellant filed a motion for new trial in each of his cases.  Each motion alleged that the evidence was legally and factually insufficient to support his conviction, but made no allegations of ineffective assistance of counsel.  The trial court did not hold a hearing on either motion.

Nothing in the record indicates that there were any character witnesses who could testify favorably on appellant’s behalf.  Additionally, appellant did not show what favorable testimony a character witness might provide.  Absent such a showing, appellant has failed to prove that his trial counsel’s failure to call character witnesses rendered the representation defective.  Additionally, considering appellant’s prior criminal history and his pleas of “true” to the enhancements, appellant did not demonstrate that, but for counsel’s failure to call character witnesses on his behalf, the outcome of the punishment phase of trial would have been any different.  Appellant has failed to satisfy either prong of 
Strickland
 and has failed to show that his trial counsel was ineffective.  We overrule appellant’s third point.

Conclusion

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 6, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (legal sufficiency review, viewing all evidence in light most favorable to 
verdict).  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996) (factual sufficiency review, viewing all evidence in neutral light, favoring neither party
).