COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-02-389-CR
        
2-02-390-CR

 
 
AUDELIZ POLLOCK A/K/A                                                       APPELLANT
AUDELIZ RODRIGUEZ POLLOCK
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Audeliz 
Pollock, a/k/a Audeliz Rodriguez Pollock, appeals from his convictions for 
aggravated robbery and possession of a controlled substance. In three points, 
appellant complains that the evidence was legally and factually insufficient to 
sustain his conviction for aggravated robbery because of the impermissible and 
suggestive pretrial identification procedures used by the police to identify 
appellant at trial and that he was denied effective assistance of counsel at the 
punishment stage of trial because counsel failed to provide character witnesses. 
We affirm.
Facts
        On 
May 12, 2002, Sunil Manandsar was working at a Mobil gas station in Arlington, 
Texas. Around 10:30 a.m., Manandsar sold appellant some scratch off lottery 
tickets. Appellant traded in the winning tickets for cash, bought some new 
tickets, scratched them off, and repeated the process three or four times. When 
Manandsar opened the register for the last time to pay appellant for his winning 
tickets, appellant pulled a gun and demanded that Manandsar give him the money 
from the register. The register contained four or five hundred dollars. 
Manandsar complied, and appellant then forced Manandsar to lock himself in the 
restroom.
        After 
waiting awhile, Manandsar looked out the door and saw that appellant was gone. 
He called 911 to report the robbery and noticed that, in addition to money, 
appellant stole a package of scratch off lottery tickets.
        When 
the police arrived at the store, Manandsar told them what happened. He described 
the robber as a white or hispanic male, with a mustache and goatee, wearing a 
blue jacket, and driving a red or maroon car or truck.
        Either 
the police or Manandsar’s boss notified the Texas Lottery Commission that the 
tickets had been stolen. The commission called Ralph Powers, a lottery 
investigator with the commission, to investigate the stolen tickets. Powers 
determined that the last legitimate ticket sold was likely number fifty-one. 
Powers entered tickets numbered fifty through seventy-four into the 
commission’s computer system as “questionable.” The computer would notify 
him when anyone attempted to cash the stolen tickets.
        Around 
3:00 p.m. the same day, the computer notified Powers that someone was attempting 
to cash the stolen tickets at the Big Diamond convenience store in Arlington. 
Powers called the store, and the clerk gave him a description of the person 
cashing the tickets. Powers called the Arlington police and gave them the 
information.
        Within 
half an hour of the first computer notification, Powers received another 
notification that a person was trying to cash a $500 stolen ticket at Chuck’s 
Grocery in Arlington. The police arrived at the grocery around 3:30 p.m. When 
appellant came out of the store, the police arrested him. In the course of 
patting down appellant for weapons, the police discovered cocaine sewn into his 
pants and in his shirt and $726 dollars in cash. Arlington police officer 
Richard Jablon testified at trial and described appellant’s arrest.
        Two 
days after the robbery, Manandsar identified appellant in a photo spread at the 
police station. At trial, the trial court judge admitted the photo spread into 
evidence with no objections from the defense. Manandsar also made an in-court 
identification of appellant as the person who robbed him. Additionally, a video 
cassette recorder captured the robbery on tape. The tape was admitted at trial.
        The 
jury found appellant guilty of aggravated robbery and possession of a controlled 
substance. Appellant pled, “true” to two repeat offender notices, both for 
burglary of a habitation. The trial court sentenced appellant to ninety-nine 
years’ confinement for each conviction.
Discussion
        In 
his first and second points, appellant argues that the evidence was legally and 
factually insufficient to sustain his conviction for aggravated robbery because 
of the impermissible and suggestive pretrial identification procedures used by 
the police to identify appellant at trial.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999). Further, the trial 
court must have ruled on the request, objection, or motion, either expressly or 
implicitly, or the complaining party must have objected to the trial court’s 
refusal to rule. Tex. R. App. P. 
33.1(a)(2).
        Appellant 
did not object to Manandsar’s in-court identification of him as the man who 
robbed him. Nor did he object to admission of the photo spread or Manandsar’s 
testimony regarding his previous out of court identification of appellant as the 
robber. Therefore, appellant has not preserved his challenge to the 
identification procedures for appellate review.
        However, 
even assuming that the identification evidence was improperly admitted, we must 
consider all the evidence admitted at trial, even improperly admitted evidence, 
when performing a legal sufficiency review. Holberg v. State, 38 S.W.3d 
137, 139 (Tex. Crim. App. 2000), cert. denied, 534 U.S. 972 (2001); Wilson 
v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999). We must do so even in a 
case that we reverse and remand because of error in the admission of evidence. Miles 
v. State, 918 S.W.2d 511, 512 (Tex. Crim. App. 1996); Rodriguez v. State, 
819 S.W.2d 871, 873-74 (Tex. Crim. App. 1991).
        After 
a thorough review of the record, under the proper legal and factual sufficiency 
standards of review,[2] we hold that the videotape 
evidence of the robbery and Officer Jablon’s testimony that appellant was 
arrested after cashing lottery tickets stolen from the convenience store was 
legally and factually sufficient to support the verdict. We overrule 
appellant’s first and second points.
        In 
his third point, appellant argues that he was denied effective assistance of 
counsel at the punishment stage of trial because his counsel failed to provide 
character witnesses for him.
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must 
show that his counsel's performance was deficient; second, appellant must show 
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. 
Crim. App. 1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. “[C]ounsel is strongly presumed to have rendered adequate 
assistance and made all significant decisions in the exercise of reasonable 
professional judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 
2066. An allegation of ineffective assistance must be firmly founded in the 
record, and the record must affirmatively demonstrate the alleged 
ineffectiveness. Thompson, 9 S.W.3d at 814.
        The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial. Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there 
is a reasonable probability that, but for counsel's unprofessional errors, the 
result of the proceeding would have been different. Id. at 694, 104 S. 
Ct. at 2068.
        Appellant 
filed a motion for new trial in each of his cases. Each motion alleged that the 
evidence was legally and factually insufficient to support his conviction, but 
made no allegations of ineffective assistance of counsel. The trial court did 
not hold a hearing on either motion.
        Nothing 
in the record indicates that there were any character witnesses who could 
testify favorably on appellant’s behalf. Additionally, appellant did not show 
what favorable testimony a character witness might provide. Absent such a 
showing, appellant has failed to prove that his trial counsel’s failure to 
call character witnesses rendered the representation defective. Additionally, 
considering appellant’s prior criminal history and his pleas of “true” to 
the enhancements, appellant did not demonstrate that, but for counsel’s 
failure to call character witnesses on his behalf, the outcome of the punishment 
phase of trial would have been any different. Appellant has failed to satisfy 
either prong of Strickland and has failed to show that his trial counsel 
was ineffective. We overrule appellant’s third point.
Conclusion
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.
 
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
PANEL B:   LIVINGSTON, 
DAUPHINOT, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 6, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry v. State, 
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 
(2000) (legal sufficiency review, viewing all evidence in light most favorable 
to verdict). Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis 
v. State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996) (factual 
sufficiency review, viewing all evidence in neutral light, favoring neither 
party).