IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,994-01






EX PARTE BRITTANY MARLOWE HOLBERG








ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS


FROM CAUSE NO. W-11492-C IN THE 251
ST DISTRICT COURT


RANDALL COUNTY





 Per Curiam. 


O R D E R



 The record in this case came to this Court as a subsequent application for writ of
habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article
11.071 § 5.

 In March 1998, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Holberg v. State, 38
S.W.3d 137 (Tex. Crim. App. 2000). On July 19, 2000, applicant filed her initial post-conviction application for writ of habeas corpus in the convicting court where it remains
pending. After the convicting court granted a substitution of counsel in October 2006, new
counsel, well after the time for filing an initial application, filed a document in the trial
court entitled "Reply in Support of Application for Writ of Habeas Corpus" as well as
several exhibits and other papers in support of claims raised in applicant's initial
application. The trial court declared the document and supporting papers a subsequent
application and forwarded it to this Court for review under Article 11.071 § 5. 

 However, the documents address and provide further evidentiary and legal support
for seven of the thirty-five claims raised in applicant's initial application. The "reply" brief
and other supporting documents do not assert additional claims, nor do they expand upon a
claim already raised. Therefore, the argument, authorities, and evidence raised in these
documents should be considered, to the extent the trial court believes them appropriate, in
conjunction with the claims already before the trial court in the initial application filed on
July 19, 2000. Further, the convicting court should resolve the issues raised in that
application as expeditiously as possible pursuant to the dictates of Texas Code of Criminal
Procedure Article 11.071. 

 IT IS SO ORDERED THIS THE 16TH DAY OF JANUARY, 2008.

Do Not Publish