Opinion issued December 18, 2008

 










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01084-CR

____________


JAIMEL SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 52,748






MEMORANDUM OPINION

 A jury found appellant, Jaimel Smith, guilty of the offense of possession of a
prohibited substance, namely, marijuana, in a correctional facility (1) and assessed his
punishment at confinement for eleven years. In two points of error, appellant
contends that the trial court, during the punishment phase of the trial, erred in
allowing the State to argue to the jury facts outside of the record.

 We affirm.

Factual Background

 Texas Department of Criminal Justice ("TDC") Law Library Supervisor R.
Robas testified that on July 14, 2005, as she was working in the law library at the
Stringfellow Unit, she heard the door open. Robas could not see whether someone
had come into or had left the library, so she walked to the hallway where she saw
appellant and another inmate, Davis, talking. Because Davis and appellant seemed
nervous, Robas attempted to search their papers and books. After searching
appellant's materials, Robas saw that appellant surreptitiously took something from
Davis. Then both inmates began to walk away, ignoring Robas's instructions to stop
and submit to a full search. Robas followed the two inmates into the main building
hallway and called for TDC Correctional Officer R. Anyiam to strip search appellant. 
Before Anyiam could perform the search, appellant "took off running." While
Anyiam pursued appellant, Robas searched through a binder of papers that Davis had
been carrying and found a contraband twenty dollar bill. 

 Officer Anyiam pursued appellant outside into the west recreation yard, and he
saw appellant drop books, papers, and other items as he ran towards the fence line. 
As appellant approached the fence, TDC Officer E. Gindele yelled at appellant to
stop, and she put her hand on her weapon and unclipped the holster. At that point,
appellant stopped running and submitted to restraints. While appellant was taken
away to be strip searched, Anyiam and other TDC officers retraced appellant's steps
and retrieved the items that appellant had dropped as he ran. Among the items that
appellant dropped, Anyiam discovered a small, cellophane bag filled with a leafy
green substance.

 TDC Lieutenant S. Kelly escorted appellant inside to be strip searched. In the
course of the search, Kelly discovered that appellant had concealed in his clothing a
rectangular, white packet.

 Brazoria County Crime Lab Chemist P. Van Dorn testified that after analyzing
the contents of the small, cellophane bag and the rectangular, white packet, he
discovered that they contained 1.2436 and 1.4059 grams of marijuana respectively.

Jury Argument

 In two points of error, appellant argues that the trial court, during the
punishment phase of trial, erred in overruling his objections to two portions of the
State's jury argument because these arguments were not supported by any evidence
in the record. The State contends that the arguments were supported by the evidence,
or, alternatively, even if improper, the arguments were harmless.

 The law provides for a fair trial free from improper argument by the State. 
Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991); Thompson v. State, 89
S.W.3d 843, 850 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). Permissible jury
argument generally falls into four categories: (1) summation of the evidence; (2)
reasonable deductions from the evidence; (3) pleas for law enforcement; and (4)
response to opposing counsel. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim.
App. 2000); Dominguez v. State, 125 S.W.3d 755, 763 (Tex. App.--Houston [1st
Dist.] 2003, pet. ref'd). "[P]rosecutors have wide latitude in the language and manner
of arguing their side of the case consistent with the evidence." Holberg v. State, 38
S.W.3d 137, 141 (Tex. Crim. App. 2000). 

 Appellant first complains of the following argument:

 [The State]: [Appellant] has the opportunity inside the penitentiary
to disrupt the whole process by possession of
marijuana.


 Justice in the days of prohibition when alcohol--you
and I may think alcohol is no big deal on the streets. 
That's what the defense wants you to believe that a
little bit of marijuana is no big deal on the streets. 
But inside the penitentiary, ladies and gentlemen,
where it is difficult to get, it becomes a huge deal. 
And history shows you like in the days of prohibition
when alcohol was difficult to get, it creates gang
issues, violence issues, and power issues--


 [Appellant]: Judge, I'm going to object to argument outside the
evidence. The Court excluded this type of evidence
in Mr. Holm's testimony.

 

 [The trial court]: Overrule. You may continue.


 [The State]: And it's the same thing, I would submit to you it does
inside the penitentiary and that's why it's a big deal.

 

 While that 2 grams of marijuana on the street may be
a misdemeanor, inside the penitentiary the legislature
has made it a felony . . . because it becomes a bigger
issue inside the penitentiary because of the issues it
creates.

(Emphasis added.)

 Next, appellant complains of the following argument:

 [The State]: [Appellant has] had chances to get his life straight. 
Ladies and gentlemen, he continue[s] to snub his
nose at authority. He continues to do what he wants
to do. He continues to live a life inside the
penitentiary that many people on the outside world
try to live and get in trouble for. And he wants you
to come in and pat him on the hand and say two
years is okay.

 

 You see the only thing those guys inside the
penitentiary understand is time and that's all they
understand.


 [Appellant]: Judge, I'm going to object. That's argument outside
the record.


 [The trial court]: Overrule.

(Emphasis added.)

 After considering the above arguments in context, we disagree with appellant's
contention that these arguments were improper. During his closing argument,
appellant had asked the jury "how many years is [two-and-a-half grams of marijuana]
worth in this case, [appellant's] case?" Appellant went on to argue that "it's worth
at or near the two years, the minimum the legislature has given you . . . ." In the first
challenged portion of the State's argument, the State responded to opposing counsel
by pointing out that possessing even a small amount of marijuana in a correctional
facility is more serious than possessing that same amount outside a correctional
facility. Compare Tex. Penal Code Ann. § 38.11(g) (Vernon Supp. 2008) with Tex.
Health & Safety Code Ann. § 481.121(b)(2) (Vernon 2003). The State's
comments, read in context, amounted to no more than a response to the argument of
opposing counsel and a plea for enforcing discipline in the institution. See Jackson,
17 S.W.3d at 673. Additionally, in the second challenged portion of its argument, the
State further responded to appellant's argument that the jury should assess the
minimum punishment and also made a plea for enforcing discipline within the
institution. See id.

 Applying the principle that prosecutors have wide latitude in the language and
manner of arguing their side of the case, we hold that the above portions of the State's
argument were not improper jury argument but were pleas for law enforcement in
response to argument of opposing counsel.

 We overrule appellant's first and second points of error.

Conclusion

 We affirm the judgment of the trial court.


 


 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 


1. See Tex. Penal Code Ann. § 38.11(d)(1)(A) (Vernon Supp. 2008).