COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| AARON DERAY HOUSTON, | | No. 08-07-00047-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 282nd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0560986-WS) |
| | § | |

## O P I N I O N

Aaron Deray Houston appeals his conviction of possession with intent to deliver more than four but less than 200 grams of cocaine, enhanced with a prior felony conviction. Following the jury's finding of guilt, the trial court found the enhancement paragraph true and assessed Appellant's punishment at imprisonment for twenty years. We affirm.

## FACTUAL SUMMARY

On the afternoon of December 28, 2005, two Dallas police officers, Kurt Kresta and Terrell McNeal, were on routine patrol in a high crime/high drug traffic area. The officers observed Appellant hand something to another individual but they could not see the object. Appellant saw the officers watching him and turned his back to them. The officers drove around the block and returned to the area. They saw Appellant wave down a white car and approach the window. As the officers pulled into the parking lot to speak with Appellant, the white car drove away and Appellant began walking away from the officers toward a group of people standing near a parked car. The officers exited their vehicle and McNeal conversed with the group while Kresta spoke with Appellant. Appellant denied that he had been speaking with anyone when the officers first saw him.

Kresta asked Appellant whether he had any weapons on his person. Appellant said he did not and told Kresta he could search him. During the pat-down search, a small bag of crack cocaine fell from Appellant's pants and Appellant attempted to hide it with his foot. Kresta placed Appellant under arrest. While transporting Appellant to jail, he asked the officers whether they were really going to put him in jail for "one rock." He also asked what charge the officers were filing against him and Kresta told him possession of cocaine. Appellant replied, "I don't smoke dope, I sell it." At the jail, detention officers performed a strip search and found numerous baggies of crack cocaine hidden in Appellant's sleeves and genital area.

## ADMISSIBILITY OF THE ORAL STATEMENTS

In his sole point of error, Appellant contends that the trial court abused its discretion by overruling his objection to the admissibility of Appellant's oral statements made to the officers. He argues that his statements were not made freely and voluntarily because Appellant was in custody at the time he made the statements. The State responds that Appellant did not preserve error.

### *Preservation of Error*

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint unless the specific grounds were apparent from the context. TEX.R.APP.P. 33.1. Appellant did not file a pretrial motion to suppress the statements. Instead, he filed a pretrial motion requesting a *sub rosa* hearing to determine the admissibility of any oral or written statements but he did not state any particular grounds for exclusion of the statements. The trial court granted the motion. During Kresta's testimony at trial, the trial court conducted a hearing outside the presence of the jury to determine the admissibility of

the oral statements. At the conclusion of the hearing, Appellant objected that his statements were not voluntary. The trial court found that the statements were not made in response to custodial interrogation and were voluntary. The court overruled Appellant's objection. We find that Appellant preserved his complaint regarding the voluntariness of the oral statements by making a timely and specific objection which the trial court overruled.

*Voluntariness of the Statements*

An accused's statement is admissible if the accused made it freely and voluntarily and without compulsion or persuasion. TEX.CODE.CRIM. PROC. ANN. art. 38.21 (Vernon 2005). When deciding whether a statement was voluntary, we consider the totality of the circumstances in which the statement was obtained. *Creager v. State*, 952 S.W.2d 852, 855 (Tex.Crim.App. 1997). A confession is involuntary if circumstances show that the defendant's will was "overborne" by police coercion. *Creager*, 952 S.W.2d at 856. The defendant's will may be "overborne" if the record shows that there was "official, coercive conduct of such a nature" that a statement from the defendant was "unlikely to have been the product of an essentially free and unconstrained choice by its maker." *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex.Crim.App. 1995).

In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6 (Vernon 2005). However, Article 38.22, § 6 applies only to written and recorded oral statements made by the accused during custodial interrogation. TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6; *Holberg v. State*, 38 S.W.3d 137, 141 (Tex.Crim.App. 2000); *Dowthitt v. State*, 931 S.W.2d 244, 258 (Tex.Crim.App. 1996); *Morris v. State*, 897 S.W.2d 528, 531 (Tex.App.--El Paso 1995, no pet.). Article 38.22, § 5 specifically exempts statements which do not "stem from custodial interrogation."

TEX.CODE CRIM.PROC.ANN. art. 38.22, § 5. "Interrogation" refers not only to express questioning, but also to any words or actions on the part of the police that the police should know are reasonably likely to elicit an incriminating response from the suspect. *See Rhode Island v. Innis*, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 1689-90, 64 L.Ed.2d 297 (1980).

Although Appellant was in custody, his oral statements were not the product of express questioning or its functional equivalent. *See id.* at 300-01, 100 S.Ct. at 1689-90. Further, there is no evidence that Appellant made the statements only after his will was overborne by official, coercive conduct. To the contrary, the record reflects that Appellant freely engaged in conversation with the police officers and voluntarily made the statements without the necessity of any questioning, much less coercion, on the part of the police. The trial court did not abuse its discretion in finding that Appellant's statements were voluntary and admissible. We overrule Appellant's sole point and affirm the judgment of the trial court.

April 23, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)