COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





AARON DERAY HOUSTON,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-07-00047-CR



Appeal from


 282nd District Court


of Dallas County, Texas


(TC # F-0560986-WS)




O P I N I O N



 Aaron Deray Houston appeals his conviction of possession with intent to deliver more than
four but less than 200 grams of cocaine, enhanced with a prior felony conviction. Following the
jury's finding of guilt, the trial court found the enhancement paragraph true and assessed Appellant's
punishment at imprisonment for twenty years. We affirm.

FACTUAL SUMMARY


 On the afternoon of December 28, 2005, two Dallas police officers, Kurt Kresta and Terrell
McNeal, were on routine patrol in a high crime/high drug traffic area. The officers observed
Appellant hand something to another individual but they could not see the object. Appellant saw
the officers watching him and turned his back to them. The officers drove around the block and
returned to the area. They saw Appellant wave down a white car and approach the window. As the
officers pulled into the parking lot to speak with Appellant, the white car drove away and Appellant
began walking away from the officers toward a group of people standing near a parked car. The
officers exited their vehicle and McNeal conversed with the group while Kresta spoke with
Appellant. Appellant denied that he had been speaking with anyone when the officers first saw him. 
Kresta asked Appellant whether he had any weapons on his person. Appellant said he did not and
told Kresta he could search him. During the pat-down search, a small bag of crack cocaine fell from
Appellant's pants and Appellant attempted to hide it with his foot. Kresta placed Appellant under
arrest. While transporting Appellant to jail, he asked the officers whether they were really going to
put him in jail for "one rock." He also asked what charge the officers were filing against him and
Kresta told him possession of cocaine. Appellant replied, "I don't smoke dope, I sell it." At the jail,
detention officers performed a strip search and found numerous baggies of crack cocaine hidden in
Appellant's sleeves and genital area.

ADMISSIBILITY OF THE ORAL STATEMENTS


 In his sole point of error, Appellant contends that the trial court abused its discretion by
overruling his objection to the admissibility of Appellant's oral statements made to the officers. He
argues that his statements were not made freely and voluntarily because Appellant was in custody
at the time he made the statements. The State responds that Appellant did not preserve error.

Preservation of Error


 As a prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion that stated the
grounds for the ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint unless the specific grounds were apparent
from the context. Tex.R.App.P. 33.1. Appellant did not file a pretrial motion to suppress the
statements. Instead, he filed a pretrial motion requesting a sub rosa hearing to determine the
admissibility of any oral or written statements but he did not state any particular grounds for
exclusion of the statements. The trial court granted the motion. During Kresta's testimony at trial,
the trial court conducted a hearing outside the presence of the jury to determine the admissibility of
the oral statements. At the conclusion of the hearing, Appellant objected that his statements were
not voluntary. The trial court found that the statements were not made in response to custodial
interrogation and were voluntary. The court overruled Appellant's objection. We find that
Appellant preserved his complaint regarding the voluntariness of the oral statements by making a
timely and specific objection which the trial court overruled.

Voluntariness of the Statements


 An accused's statement is admissible if the accused made it freely and voluntarily and
without compulsion or persuasion. Tex.Code.Crim. Proc. Ann. art. 38.21 (Vernon 2005). When
deciding whether a statement was voluntary, we consider the totality of the circumstances in which
the statement was obtained. Creager v. State, 952 S.W.2d 852, 855 (Tex.Crim.App. 1997). A
confession is involuntary if circumstances show that the defendant's will was "overborne" by police
coercion. Creager, 952 S.W.2d at 856. The defendant's will may be "overborne" if the record
shows that there was "official, coercive conduct of such a nature" that a statement from the
defendant was "unlikely to have been the product of an essentially free and unconstrained choice by
its maker." Alvarado v. State, 912 S.W.2d 199, 211 (Tex.Crim.App. 1995). 

 In all cases where a question is raised as to the voluntariness of a statement of an accused,
the court must make an independent finding in the absence of the jury as to whether the statement
was made under voluntary conditions. Tex.Code Crim.Proc.Ann. art. 38.22, § 6 (Vernon 2005). 
However, Article 38.22, § 6 applies only to written and recorded oral statements made by the
accused during custodial interrogation. Tex.Code Crim.Proc.Ann. art. 38.22, § 6; Holberg v.
State, 38 S.W.3d 137, 141 (Tex.Crim.App. 2000); Dowthitt v. State, 931 S.W.2d 244, 258
(Tex.Crim.App. 1996); Morris v. State, 897 S.W.2d 528, 531 (Tex.App.--El Paso 1995, no pet.).
Article 38.22, § 5 specifically exempts statements which do not "stem from custodial interrogation."
Tex.Code Crim.Proc.Ann. art. 38.22, § 5. "Interrogation" refers not only to express questioning,
but also to any words or actions on the part of the police that the police should know are reasonably
likely to elicit an incriminating response from the suspect. See Rhode Island v. Innis, 446 U.S. 291,
300-01, 100 S.Ct. 1682, 1689-90, 64 L.Ed.2d 297 (1980). 

 Although Appellant was in custody, his oral statements were not the product of express
questioning or its functional equivalent. See id. at 300-01, 100 S.Ct. at 1689-90. Further, there is
no evidence that Appellant made the statements only after his will was overborne by official,
coercive conduct. To the contrary, the record reflects that Appellant freely engaged in conversation
with the police officers and voluntarily made the statements without the necessity of any questioning,
much less coercion, on the part of the police. The trial court did not abuse its discretion in finding
that Appellant's statements were voluntary and admissible. We overrule Appellant's sole point and
affirm the judgment of the trial court.


April 23, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating


(Do Not Publish)