IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-46,226-02






EX PARTE TRAVIS TREVINO RUNNELS








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. W-48950-01-D IN THE 320TH JUDICIAL DISTRICT COURT

POTTER COUNTY





 Per Curiam. 

 

O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In October 2005, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Runnels v. State, No. AP-75,318 (Tex. Crim. App.
September 12, 2007). 

 Applicant presents eleven allegations in his application. The trial court did not hold
a live hearing and made findings of fact and conclusions of law recommending that the
application be denied. We remanded this cause to the trial court for a live hearing on
Applicant's first and second allegations, in which he alleged that he was denied effective
assistance of counsel and that he entered an involuntary guilty plea. 

 The trial court held a live hearing, made supplemental findings of fact and conclusions
of law on allegations one and two, and recommended that this application be denied. We
have reviewed the record of the hearing and the trial court's supplemental findings of fact
and conclusions of law on allegations one and two. We have also reviewed the trial court's
initial findings of fact and conclusions of law on Applicant's remaining claims. We adopt
the trial court's findings and conclusions. Additionally, regarding allegations three and four,
while we note that the trial court's findings and conclusions are valid on the merits, these
issues are not ripe for our consideration. See Holberg v. State, 38 S.W.3d 137, 140 (Tex.
Crim. App. 2000). Grounds for relief five through eleven are also procedurally barred. See
Ex parte Banks, 769 S.W.2d 539 (Tex. Crim. App. 1989); Ex parte Acosta, 672 S.W.2d 470
(Tex. Crim. App. 1984). Therefore, based upon the trial court's findings and conclusions and
our own review, we deny relief.

 IT IS SO ORDERED THIS THE 7TH DAY OF MARCH, 2012.

Do Not Publish