IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-68,994-01






EX PARTE BRITTANY MARLOWE HOLBERG








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. W-11,492-C-1 IN THE 251ST JUDICIAL DISTRICT COURT

RANDALL COUNTY






 Per Curiam. 

 


O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071.

 In March 1998, a jury convicted Applicant of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Holberg v. State, 38 S.W.3d 137 (Tex.
Crim. App. 2000).

 Applicant presents thirty-five allegations in her application in which she challenges
the validity of her conviction and resulting sentence. In her twenty-eighth allegation, she
claims that she was denied effective assistance of counsel because trial counsel failed to
conduct an adequate mitigation investigation and failed to provide critical background
information to Dr. Patel, the defense mental health expert witness. See Strickland v.
Washington, 466 U.S. 668 (1984). Applicant further alleges that trial counsel told John
Schwartz that they intended to "throw the trial." We remand this application for the trial
court to direct trial counsel Catherine Dodson and Candace Norris and defense investigators
Jim Patterson and Kathy Garrison to respond to these claims in a live evidentiary hearing. 
Dodson and Norris shall explain their efforts to investigate and present mitigating evidence
at the punishment phase of Applicant's trial. Patterson and Garrison shall also explain their
involvement, if any, in the investigation of evidence pertaining to the mitigation special
issue. Following the receipt of live, testimonial evidence, the trial court shall make any
findings of fact and conclusions of law relevant and appropriate to the disposition of these
claims. A supplemental transcript shall thereafter be returned to this Court. 

 This application for habeas corpus relief will be held in abeyance pending the trial
court's compliance with this order. The trial court shall resolve the issues presented within
90 days of the date of this order. (1) A supplemental transcript including the trial court's
findings of fact and conclusions of law shall be returned to this Court within 120 days of the
date of this order. (2)

 IT IS SO ORDERED THIS THE 15TH DAY OF MAY, 2013.


Do Not Publish 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.