NO. 07-06-0047-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 22, 2006



______________________________




IN THE MATTER OF T.P.M.




_________________________________



FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;



NO. 133; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Appellant T.P.M., a juvenile, appeals from a modified disposition order adjudging
he engaged in delinquent conduct and committing him to the Texas Youth Commission for
an indeterminate sentence not to exceed his 21st birthday. In presenting this appeal, 
T.P.M.'s appointed counsel has filed an Anders (1) brief in support of a motion to withdraw. 
We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record, and in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio 1984, no pet.). Thus, he
concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the juvenile court's judgment. Counsel has also shown that he sent a
copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is
without merit. In addition, counsel has demonstrated that he notified appellant of his right
to review the record and file a pro se response if he desired to do so. Appellant did not file
a response. Neither did the State favor us with a brief.

 By his Anders brief, counsel raises several grounds that he believes could plausibly
support an appeal. We have reviewed these grounds and have also made an independent
review of the entire record to determine whether there are any other arguable grounds
which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102
L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005). We have
found no reversible grounds and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted and the juvenile court's
judgment is affirmed.

 Don H. Reavis

 Justice

Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



on had been submitted," 3) failed to point out discrepancies in the
testimony of one of the State's witnesses and 4) failed to object to evidence determined
to be inadmissible by the trial court. (2) We note that appellant was obligated to prove his
counsel rendered ineffective assistance. Hernandez v. State, 988 S.W2d 770, 772 (Tex.
Crim. App. 1999). However, even though appellant filed a motion for new trial and a
hearing was had, ineffective assistance of counsel was not raised nor argued below. 
Thus, appellant has failed to produce evidence in the record concerning trial counsel's
reasons for not challenging or striking venire members, see Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App.1994); see also Delrio v. State, 840 S.W.2d 443 (Tex. Crim.
App.1992), objecting to purportedly inadmissible testimony, or pursuing alleged
discrepancies in witness' testimony. See Beck v. State, 976 S.W.2d 265, 267 (Tex.
App.--Amarillo 1998, pet. ref'd). And, because the record before us does not allow us to
assess whether the presumption of competency was rebutted, we cannot hold that
appellant's trial counsel was deficient and, therefore, overrule the issue. 

 Next, appellant complains that the State incorrectly informed the trial court that
appellant had not filed an application for probation, thus denying appellant the opportunity
to voir dire the panel on probation. First, the record does not reflect that appellant had
filed an application for probation. Second, before he could be considered for probation,
article 42.12(e) of the Code of Criminal Procedure required him to file a verified motion
wherein he stated that he had not previously been convicted of a felony. Tex. Code Crim.
Proc. art. 42.12 (e). Yet, the record reflects that appellant previously had been convicted
of a felony. So too does it illustrate that the minimum sentence he could have received,
in view of the State's attempt to enhance punishment, was 25 years. Tex. Pen. Code
§12.42(d) (setting 25 years as the minimum sentence). Given that he had not complied
with the prerequisites of art. 42.12(e) and that the minimum sentence involved exceeded
the statutory ceiling, appellant was not eligible for probation. See Tex. Code Crim. Proc.
art 42.12 (d)(1) (granting the opportunity for probation to those whose sentence is 10 years
or less). So, the complaints about the opportunity, or lack thereof, to voir dire on probation
are meritless, and, we overrule appellant's second issue. 

 In his third issue, appellant contends that the arresting officer and prosecution
witness named David O'Brian (O'Brian) referred to a statement made by appellant after his
arrest but before receiving his Miranda warnings. Specifically, once the officer told
appellant that he was under arrest for driving while intoxicated, appellant responded with
"I believe that you are right." Appellant contends that this statement came after the trial
court had ruled that it was inadmissible. We note, however, that no objection was made
when O'Brian testified about the statement, and same was necessary to preserve error. 
Tex. R. App. P. 33.1(a); Holberg v. State, 38 S.W.3d 137, 140 (Tex. Crim. App. 2000), cert.
denied, 151 L. Ed.2d 298, 122 S. Ct. 394 (2001) (holding that by not objecting to the trial
court appellant forfeited his right to complain on appeal). Furthermore, appellant was
mistaken in saying that the trial court held the testimony inadmissible. In reviewing the
portion of the record cited by appellant, we find that the trial court was explaining the law
regarding Miranda as it understood it and was not making a ruling on this particular
statement. Thus, we overrule this issue as well. (3)

 As to the Anders brief itself, appellate counsel raised thirteen possible arguments. 
However, counsel also explained why none were meritorious. Furthermore, after
conducting an independent review of the record and legal authority to assess the accuracy
of counsel's representation, see Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991)
(requiring same), we agree with appellate counsel's analysis and conclude that there
exists no arguable basis for appeal. 

 Accordingly, appellate counsel's motion to withdraw is granted, and the judgment
is affirmed. 


 Brian Quinn 

Do not publish. Justice 
1. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Appellant, also, complains that a "[l]arge support pillar. . .situated in [the] center of [the] temporary
courtroom made it impossible to see juror responses or establish who was responding to[] questions." 
However, appellant has failed to give substantive analysis or authority regarding how the obstacle prevented
him from receiving a fair and impartial trial. Thus, this argument was waived. Vasquez v. State, 22 S.W.3d
28, 31 (Tex. App.--Amarillo 2000, no pet); Tex. R. App. P. 38.1(h). 
3. Because the motion for new trial and the hearing on same did not raise ineffective assistance of
counsel, the state of the record before us does not allow us to assess whether any purported error regarding
counsel's performance was something other than sound trial strategy. Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000); See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). However, we
do not comment upon the availability of article 11.07 of the Texas Code of Criminal Procedure to address
these issues.