COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-479-CR
NO. 2-01-480-CR
 
FELIPE
HERNANDEZ                                                            
APPELLANT
V.
THE STATE OF
TEXAS                                                             
STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
       
Appellant appeals his two convictions for aggravated robbery and his conviction
for engaging in organized criminal activity, raising four points. Appellant
claims that the trial court erred: 1) by denying Appellant's motion for mistrial
based on the prosecutor's improper jury argument in the guilt/innocence phase of
the trial that was a comment on Appellant's failure to testify; 2) by allowing
the prosecutor's improper jury argument in the punishment phase of the trial
that was a comment on Appellant's failure to testify; 3) by allowing the
prosecutor to call Appellant a terrorist during jury argument in the punishment
phase of the trial; and 4) by allowing testimony of oral statements obtained in
violation of article 38.22 of the Texas Code of Criminal Procedure. We affirm
the trial court's judgment.
FACTS
       
On the evening of November 12, 2000 Appellant robbed Francisco Gonzalez at gun
point at a local carwash. During the robbery, Appellant questioned Gonzalez as
to whether he was a member of a gang. When Gonzalez denied all gang affiliation,
Appellant flashed signs of the Sur Trece gang and drove off in Gonzalez's car.
After Appellant left the scene, he had an accident in the stolen car. A witness
to the accident stated that as Appellant got out of the car he raised his shirt
and reached for an unidentified object that the witness feared was a gun. One of
the people riding in the same car as Appellant pulled him away from the scene
before anything further occurred.
       
Four days later, on November 16, Appellant went back to the car wash where he
stole the first car. He came up to Cesar Mapula who was washing his car.
Appellant asked Cesar Mapula what time it was. After Mapula answered Appellant's
question, Appellant pulled a gun on Mapula. During the robbery, Appellant shot
Mapula and then stole his car. A police officer heard the report on the robbery
and managed to catch Appellant while he was attempting to escape.
       
During the trial, the State offered evidence to show that Appellant was a member
of the Sur Trece gang. Testimony showed that Appellant was assuming a leadership
role in the Sur Trece gang and had acquired tattoos that showed his higher rank.
The State charged Appellant with aggravated robbery of Francisco Gonzalez.
Appellant was also charged with attempted capital murder and aggravated robbery
of, and engaging in organized criminal activity against, Cesar Mapula. The State
dropped the attempted capital murder charge before trial began. Appellant was
tried to a jury who found him guilty on all counts. The jury then sentenced him
to 30 years' confinement.
JURY ARGUMENTS
       
In Appellant's first three points on appeal, he claims that the prosecution made
improper jury arguments during trial. To be permissible, the State's jury
argument must fall within one of the following four general areas: (1) summation
of the evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; or (4) plea for law enforcement. Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex.
Crim. App. 1973).
       
If a jury argument exceeds the bounds of proper argument, the trial court's
erroneous overruling of a defendant's objection cannot be reversible error
unless, in light of the record as a whole, the argument had a substantial and
injurious effect or influence on the jury's verdict. Tex. R. App. P. 44.2(b); Martinez
v. State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied,
526 U.S. 1070 (1999).
       
When the trial court sustains an objection and instructs the jury to disregard
but denies a defendant's motion for a mistrial, the issue is whether the trial
court erred in denying the mistrial. Faulkner v. State, 940 S.W.2d 308,
312 (Tex. App.--Fort Worth 1997, pet. ref'd) (en banc op. on reh'g). Its
resolution depends on whether the court's instruction to disregard cured any
prejudicial effect. Id. Generally, an instruction to disregard
impermissible argument cures the prejudicial effect, if any. Id.; Dinkins v.
State, 894 S.W.2d 330, 357 (Tex. Crim. App.), cert. denied, 516
U.S. 832 (1995). In assessing the curative effect of the court's instruction to
disregard, the correct inquiry is whether the argument was extreme, manifestly
improper, injected new and harmful facts into the case, or violated a mandatory
statutory provision and was thus so inflammatory that an instruction to
disregard could not cure its prejudicial effect. Faulkner, 940 S.W.2d
at 312. If the instruction cured any harm caused by the improper argument, a
reviewing court should find that the trial court did not err. Dinkins,
894 S.W.2d at 357; Faulkner, 940 S.W.2d at 312. Only if the reviewing
court determines the instruction was ineffective does the court go on to
determine whether, in light of the record as a whole, the argument had a
substantial and injurious effect or influence on the jury's verdict. Tex. R.
App. P. 44.2(b).
       
Appellant argues in his first point that the trial court erred in refusing to
grant a mistrial when the prosecution improperly commented on Appellant's right
not to testify in the guilt/innocence stage of the trial. The comment occurred
when the prosecution responded to Appellant's argument that no proof existed to
show that Appellant used a real gun in the first robbery. Appellant attempted to
convince the jury that the testimony showed only that Appellant carried what
looked to be a gun in the first robbery. Appellant argued that without proof
that he carried an actual gun, the jury should have found him not guilty under
that charge. The prosecution responded to this argument by stating:

        
 How are we going to be able to solve crimes? Are we ever going to be able to
 charge somebody with aggravated robbery if we don't have the weapon? That's
 absolutely ludicrous.
        
 Certainly this man intended that he use a deadly weapon. He wanted to threaten
 him with it. You also know -

At this point,
Appellant objected claiming that the argument was an improper comment on his
right not to testify. The trial court sustained the objection and gave the jury
an instruction to disregard. The prosecution then stated:

        
 You can infer intent from the actions surrounding the actual incident. You
 look to all of the actions to decide what happened out there. And you will
 recall that ... Gonzalez, told you that he saw a weapon, he was scared of that
 weapon, he thought it was a gun. And guess what: He describes it to you and
 Jeannette describes it to you. Francisco Gonzalez tells you that it's a black
 gun, it's about the size of a hand, and Jeannette Rosales says the same thing.

 
       
The prosecution's comments show that the complained-of comment was not an
attempt by the prosecution to comment on Appellant's failure to testify.
Instead, the prosecution was attempting to show that Appellant intended to use a
gun and he intended to rob Gonzalez. See Wolfe v. State, 917
S.W.2d 270, 275 (Tex. Crim. App. 1996) (holding that intent may be inferred from
circumstantial evidence); Patrick v. State, 906 S.W.2d 481, 487 (Tex.
Crim. App. 1995) ("Intent can be inferred from the acts, words, and conduct
of the accused.") The prosecution did not comment on Appellant's choice not
to testify by arguing that circumstantial evidence offered at trial showed
Appellant's intent to use a gun to rob his victims.
       
The State argued that Appellant intended to use a gun to rob his victims in
response to an argument of opposing counsel. See Canales v. State, 98
S.W.3d 690, 695 (Tex. Crim. App. 2003) (holding that responding to opposing
counsel's argument is a permissible area of jury argument); Wesbrook v.
State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (holding that a
permissible area for jury argument is an "answer to argument of opposing
counsel"). We hold that the State's argument did not fall outside of the
permitted areas of jury argument. See Felder, 848 S.W.2d at 94-95. We
overrule Appellant's first point on appeal.
       
In Appellant's second point, he claims that the prosecution again commented on
his right not to testify at trial. Appellant claims that during the punishment
stage of trial, the prosecution stated:

        
 How cold a mind does it take to feel so little sympathy, so pity - so little
 empathy for another human being? What kind of mind feels that?
        
 But he did not see - from the evidence and from the facts that you know, he
 did not see Cesar Mapula as a human being. He saw him as some work that he
 could put in.

At this point,
Appellant objected, and the trial court overruled that objection. Appellant
alleges that the above comment infers evidence of Appellant's intent which could
only come from Appellant and, therefore, the comment was an indirect comment on
Appellant's choice not to testify.
       
In the present case, testimony at trial showed that Appellant was a member of a
gang. The State offered evidence to show that a member of a gang moved into
leadership when they "put in work." To put in work meant that the
member of the gang had to commit crimes. As the member of the gang advanced
through the gang's hierarchy, he had to commit increasingly more violent crimes.
Testimony at trial shows that Appellant was advancing through the ranks of the
Sur Trece gang. Further, the testimony showed that Appellant's failed robbery
attempt against Gonzalez would cause Appellant embarrassment and would motivate
him to commit another violent crime quickly to save face.
       
This evidence introduced at trial provided circumstantial evidence of
Appellant's intent to commit violent crimes. Again, the prosecution can argue
that circumstantial evidence offered at trial shows Appellant's intent. See
Patrick, 906 S.W.2d at 487. The prosecution was not commenting on
Appellant's choice not to testify. The State could summarize this evidence
during closing argument and show that Appellant's motivation in the robbery was
to move up in the leadership rankings of his gang. Evidence of Appellant's
motivation for a violent crime was before the jury during the trial, and the
prosecution could summarize it during the punishment stage of the trial to show
why Appellant should not receive probation and instead should receive a long
prison sentence. The State, therefore, did not violate Appellant's rights by
attempting to summarize this evidence to the jury. Id. We overrule
Appellant's second point on appeal.
       
In Appellant's third point on appeal, he complains of another jury argument used
by the prosecution in this case. During the punishment phase of the trial, the
prosecutor stated that "[i]t doesn't matter who they make their victim
because it could be anyone. Anyone will give them more prestige, more power
within their gang. Does this sound like anyone to you? Does this sound familiar?
What other group does this sound like? Doesn't it sound like terrorists?"
At this point, Appellant objected stating that the comment improperly equated
him with Osama Bin Laden or other terrorists in the minds of the jury, and that
due to the proximity in time with the September 11 attacks, the comment had an
extremely prejudicial effect. The State argued to the judge at the bench that
"committing an act of terror for the purpose of gaining power and prestige
is exactly like being a terrorist." The court overruled the objection and
permitted the argument.
       
The evidence at trial showed that Appellant's motivation in robbing Gonzalez and
Mapula and shooting Mapula was to advance through the leadership hierarchy of
his gang. The more violent the crime, the more prestige Appellant received and
the higher he advanced in the gang. Webster's Dictionary defines terrorism as
"the act of terrorizing; use of force or threats to demoralize, intimidate,
and subjugate." WEBSTER'S NEW
WORLD DICTIONARY 1469 (2nd
College ed. 1986). In this case, Appellant used force and threat of force to
intimidate his victims. We hold that the prosecutor was merely summarizing the
evidence against Appellant, and did not violate Appellant's rights. Felder,
848 S.W.2d at 94-95. We overrule Appellant's third point on appeal.
ARTICLE 38.22 STATEMENTS
        In
Appellant's fourth point on appeal, he claims that the trial court erred in
allowing the testimony of oral statements obtained in violation of article 38.22
of the code of criminal procedure. The complained-of testimony came from
Corporal Clay Hendrix of the Fort Worth Police Department. Hendrix testified
that on numerous occasions he had contact with Appellant. Hendrix specifically
testified that he arrested Appellant on April 11, 2000 and on June 7, 2000.
        On
April 11, 2000, after Hendrix arrested Appellant and before Hendrix read
Appellant his rights, Hendrix questioned Appellant over his gang affiliation.
Appellant responded to Hendrix's questions stating that he belonged to a gang
called Sur Trece. While Hendrix questioned Appellant, he observed that Appellant
had gang tattoos on his body.
        On
June 7, 2000, Hendrix arrested Appellant again. Hendrix stated that he could not
remember whether he questioned Appellant before or after he arrested him, but
that Appellant claimed he no longer belonged to Sur Trece. Hendrix testified
that he doubted the truth of this statement because of Appellant's appearance.
Hendrix observed new tattoos on Appellant, that Appellant had a hat with Sur
Trece written on the bill, and that Appellant was wearing the gang colors of Sur
Trece. Hendrix claimed that during both interviews, he intended to use the
answers to the questions for information purposes only, and he did not question
Appellant in hopes of incriminating him.
       
Article 38.22, section 3 of the Texas Code of Criminal Procedure dictates that:
"(a) No oral or sign language statement of an accused made as a result of
custodial interrogation shall be admissible against the accused in a criminal
proceeding unless: (1) an electronic recording, which may include motion
picture, video tape, or other visual recording, is made of the statement."
TEX. CODE CRIM.
PROC. ANN. art. 38.22, §
3(a)(1) (Vernon Supp. 2003).
        In
the present case, the evidence shows that at least one of Appellant's
non-recorded oral statements resulted from custodial interrogation. Hendrix
testified that he had placed Appellant under arrest on April 11, 2000. After
Appellant was placed under arrest, Hendrix questioned him over his gang
affiliation. The conversation was not recorded. The trial court, therefore,
committed error by admitting the oral statement over Appellant's objection. Id.
       
Having found error, we must conduct a harm analysis to determine whether the
error calls for reversal of Appellant's convictions. Tex. R. App. P. 44.2.
"[A]rticle 38.22's recording requirement for an oral statement is a
procedural evidentiary rule rather than a substantive exclusionary rule." Davidson
v. State, 42 S.W.3d 165, 167 (Tex. App.--Fort Worth 2001, pet. ref'd).
Thus, we apply rule 44.2(b) of the Texas Rules of Appellate Procedure and
disregard the error if it does not affect Appellant's substantial rights. Tex.
R. App. P. 44.2(b); see Mosley v. State, 983 S.W.2d 249,
259 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied, 526
U.S. 1070 (1999); Coggeshall v. State, 961 S.W.2d 639,
642-43 (Tex. App.--Fort Worth 1998, pet. ref'd) (en banc). A substantial right
is affected when the error had a substantial and injurious effect or influence
on the jury's verdict. King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997) (citing Kotteakos v. United States,
328 U.S. 750, 776, 66 S.Ct. 1239, 1253 (1946)). Accordingly, we review the
record as a whole to make this determination. Kotteakos, 328
U.S. at 764-65, 66 S.Ct. at 1248.
        In
the present case, article 38.22 only affects Appellant's oral statements. See
Holberg v. State, 38 S.W.3d 137,141 (Tex. Crim. App. 2000) ("Article
38.22, § 3(a), applies only to oral statements made during custodial
interrogation."). Hendrix's testimony regarding Appellant's tattoos and
Appellant's manner of dress resulted from Hendrix's personal observation and are
not subject to exclusion under 38.22. The trial court did not err in allowing
Hendrix to testify over them. Id.
       
The record shows that Hendrix's testimony regarding Appellant's statements was
cumulative in this case. The evidence shows that when Appellant robbed Gonzalez,
Appellant told him that he was a member of the Sur Trece gang. Gonzalez
testified to the fact that Appellant admitted to him that Appellant belonged to
Sur Trece. Hendrix's testimony was cumulative of this evidence which was
properly admitted. Because the improper evidence was cumulative, the error in
admitting it was harmless. See Franks v. State, 90 S.W.3d
771, 805-06 (Tex. App.--Fort Worth 2002, no pet.) (holding that because the
complained-of testimony was generally cumulative of other evidence introduced in
the case, no harm attached); Johnson v. State, 977 S.W.2d
725, 728 (Tex. App.--Fort Worth 1998, pet. ref'd) (holding that error is not
reversible if cumulative evidence is admitted at trial without objection); Mack
v. State, 928 S.W.2d 219, 225 (Tex. App.--Austin 1996, pet. ref'd) (holding
error is not reversible "if other evidence at trial is admitted without
objection and it proves the same fact or facts that the inadmissible evidence
sought to prove"). We overrule Appellant's fourth point on appeal.
CONCLUSION
       
Having overruled all of Appellant's points, we affirm Appellant's conviction.
 
                                                            
SAM J. DAY
                                                            
JUSTICE
 
PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.
 
PUBLISH
DELIVERED: June 19, 2003

COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-479-CR
NO. 2-01-480-CR
 
FELIPE
HERNANDEZ                                                             
APPELLANT
V.
THE STATE OF
TEXAS                                                             
STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
DISSENTING OPINION
------------
       
I respectfully dissent from the majority's characterization of the prosecutor's
argument as "merely summarizing the evidence against appellant" when
she compared Appellant to a terrorist about two months after September 11, 2001.
Before September
11, we could honestly say that a reference to a terrorist was simply a reference
to a person who met the dictionary definition. After September 11, however, the
term took on a new and specific meaning.(1) 
This court should candidly admit that, regardless of the intent behind the
prosecutor's comments, the effect was to equate Appellant with the authors of
the September 11 stealth attacks on the United States. We should then directly
analyze whether allowing the argument constituted error and, if so, harm. In
sidestepping the real issue, the majority opinion fails to fully address
Appellant's clearly stated concerns and misses the opportunity to provide
guidance to the bench and bar.
 
                                                            
LEE ANN DAUPHINOT
                                                            
JUSTICE
PUBLISH
DELIVERED: June 19, 2003

1.  See Zarate v. State, 908 S.W.2d 544,
547-48 (Tex. App.--Fort Worth 1995, pet. ref'd) (discussing cases analyzing
whether references to current events constitute proper jury argument and
concluding that "any comparison to current events must be evaluated in the
context of the times").